

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 10, 1971

Hon. James U. Cross
Executive Director
Parks and Wildlife Department
John H. Reagan Building
Austin, Texas 78701

Opinion No. M-883

Re: Eligibility of an indi-
vidual for retirement as
a "commissioned peace
officer" pursuant to
Article 6228a(5)(A),
Vernon's Civil Statutes,
under the facts presented.

Dear Mr. Cross:

Your recent letter to this office concerning the ref-
erenced matter poses the question of the eligibility of Mr.
Robert G. Mauermann, presently Deputy Executive Director of your
Department, for retirement as a "commissioned peace officer."

Subsection 1 of Article 6228a(5)(A), Vernon's Civil
Statutes, which establishes the Employees Retirement System of
Texas, provides, in part, as follows:

"It is provided further, however, that a
member (of the System) who has completed ten
(10) or more years of creditable service as a
commissioned peace officer engaged in criminal
law enforcement activities of the Department of
Public Safety, Game and Fish Commission (now the
Parks and Wildlife Department), Liquor Control
Board, or as a custodial employee of the State
Board of Corrections of the State of Texas and
who has attained the age of fifty-five (55) years
shall be eligible for retirement." (Emphasis
added.)

The foregoing provision constitutes an exception to the other pro-
visions of the statute, and allows commissioned peace officers to
obtain retirement benefits at the age of 55 rather than the normal
retirement age of 60.

The materials submitted with your letter indicate the
following facts concerning Mr. Mauermann: that he is now 56 years
of age; that the records in his personnel file indicate that he has

-4307-

held various positions with your Department since 1949 as a wildlife biologist, assistant director of publications, regional director, and deputy director; and that his status card indicates that he was originally employed as a game warden in 1937, assigned as an assistant game manager in 1938, and as a field biologist in 1940.

It is beyond dispute that game wardens are commissioned peace officers engaged in criminal law enforcement. See e.g., Articles 905, 906, and 978f-5c, Texas Penal Code; Article 4018, Vernon's Civil Statutes; Attorney General's Opinions No. 0-6936 (1946) and No. V-22 (1947).

Copies of documents attached to your letter indicate that Mr. Mauermann was commissioned a State game warden on November 12, 1937, and that he was also appointed and qualified a game and fish warden on August 31, 1949. Neither of his foregoing commissions as a game warden has been revoked. Both are still in full force and effect, and Mr. Mauermann has held such for longer than the requisite ten-year statutory period for retirement at the age of 55.

The issue posed by your letter is one of first impression in this State. While it is true that pension statutes are to be liberally construed (67 C.J.S. 331, Officers, Sec. 92; Riggs v. Dist. Retirement Board of Los Angeles Schools, 132 P.2d 1 (Cal.Sup. 1942), we do not believe the Legislature intended that the words "ten (10) or more years of creditable service as a commissioned peace officer engaged in criminal law enforcement" contemplates the mere possession of a commission naming an individual as a peace officer is alone sufficient to establish such individual as a commissioned peace officer engaged in criminal law enforcement. See Robinson v. Territory, 85 P. 451, 453 (Okla.Sup. 1905).

Your request therefore presents primarily a fact question to be determined by you and which this office is without authority to determine. Attorney General Opinion M-187 (1968). If the records in your office support a certification by you that Mr. Mauermann has primarily and substantially engaged in criminal law enforcement activities in any capacity as a commissioned peace officer during each year of the required ten or more years, he will be entitled to retirement benefits at the age of 55 rather than the normal retirement age of 60. Otherwise, Mr. Mauermann's retirement benefits will be actuarially reduced.

S U M M A R Y

Whether an individual has primarily engaged in criminal law enforcement activities of the Parks and Wildlife Department during each year of the required period of 10 or more years is primarily a fact question to be determined by the Parks and Wildlife Department and which this office is without authority to determine. Art. 6228a(5)(A).

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Reeves
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Glenn Brown
Sam Jones
Gordon Cass
A. J. Gallerano

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant